IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANDRE EUGENE JOSEPH DURANLEAU,<br><br>　　　　　Appellant,<br>　v.<br>KENNETH EILER,<br><br>　　　　　Trustee. | Case No.: 3:23-cv-00616-AN<br><br>OPINION AND ORDER |

　　　　Appellant Andre Eugene Joseph Duranleau ("Duranleau") appeals an order of the United States Bankruptcy Court for the District of Oregon granting Trustee Kenneth Eiler's motion to settle and compromise in case number 21-31025-dwh7. For the reasons that follow, the order of the bankruptcy court is AFFIRMED.

## JURISDICTION AND STANDARD OF REVIEW

　　　　District courts have jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy proceedings. 28 U.S.C. § 158(a). Generally, when reviewing a bankruptcy court's decision, the district court reviews findings of fact "under the clearly erroneous standard, and conclusions of law, *de novo*." *In re Schwarzkopf*, 626 F.3d 1032, 1035 (9th Cir. 2010) (quoting *Christensen v. Tucson Ests., Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990)).

　　　　A bankruptcy court's decision to approve a motion to settle and compromise is reviewed for abuse of discretion. *In re W. Funding Inc.*, 550 B.R. 841, 849 (B.A.P. 9th Cir. 2016), *aff'd*, 705 F. App'x 600 (9th Cir. 2017); *In re A & C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986). A bankruptcy court abuses its discretion only when "it fails to apply the correct legal standard or applies it in a way that is illogical, implausible or unsupported by the record." *In re W. Funding Inc.*, 550 B.R. at 849 (citing *United States v. Inouye*, 821 F.3d 1152, 1156–57, 2016 WL 2641109 at *3 (9th Cir. May 31, 2016) and *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc)).

A bankruptcy court can only approve a motion to settle if the settlement is "fair and equitable." *In re A & C Properties*, 784 F.2d at 1381. The court weighs four factors: "(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Id.* (quoting *In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir.1984) (citations omitted), *cert. denied*, 469 U.S. 1207 (1985)).

## BACKGROUND

The following facts are taken from documents filed in the underlying bankruptcy case. Duranleau did not designate a record on appeal, *see* Transmittal of R. for Bankr. Appeal, ECF [4], leaving the Court with a limited record on which to consider the appeal. The court is permitted to take judicial notice of the underlying record where the excerpts of record are not complete, however, and does so here. *In re Atwood*, 293 B.R. 227, 233 n.9 (B.A.P. 9th Cir. 2003).

Duranleau held shares in Acculign Holdings, Inc. ("Acculign") and was party to a related shareholder agreement. From the record, it appears that the shareholders were involved in a lengthy dispute related to the validity of a call option exercise in which Acculign purchased Duranleau's shares. The other shareholders, some of whom are creditor-appellees in this action, state that Duranleau and his partner, Bridget Saladino ("Saladino"), acted as sole officers and directors of Acculign until the shareholders became concerned about their financial decisions and triggered the call option exercise to take control of the company. Br. of Creditors William Langley, Brewster Crosby, Preston Bishop, and Macy Bishop ("Appellee Br."), ECF [15], at 4. Duranleau describes this as a hostile takeover. Obj. to Mot. to Settle and Compromise ("Obj."), Bankr. R. ("BR") [46], at 1-2. Duranleau brought a federal action against the other shareholders, which was dismissed. Op. on Mot. to Settle and Compromise ("Bankruptcy Opinion"), BR [134], at 3. Duranleau then submitted to arbitration of his claims against other shareholders, requesting a determination of the number of shares owned by each. *Id.*

In 2019, Weigel Properties, LLC, obtained a judgment against Duranleau, resulting in the

Multnomah County sheriff placing a levy on and holding a judicial sale of the stock on October 20, 2020. *Id.* at 6. Duranleau contests the validity of the sale, arguing that it was void because he received insufficient notice. *Id.* at 8. Duranleau was outbid at the sale, and the stock was purchased by a holding company owned by rival shareholders for $51,000.00. *Id.* Duranleau filed a motion in state court to set aside the sheriff's sale; that motion was stayed pending Duranleau's bankruptcy proceedings. *Id.* at 9.

In the meantime, the arbitration process continued. In January 2021, the arbitrator determined that a call option triggering event had occurred as to Duranleau's shares and Acculign had validly exercised its right to buy the shares pursuant to the shareholder agreement. *Id.* at 3-4.

In October 2021, the shareholders selected an appraiser to appraise the stock value as of November 1, 2018, for purposes of an internal shareholder buyout in accordance with the arbitration award. *Id.* at 3. The appraiser determined that the value of the Acculign stock was $0. *Id.* at 6.

Duranleau filed for Chapter 7 bankruptcy on May 2, 2021. The trustee moved to settle and compromise the bankruptcy proceedings in September 2021. The proposed settlement purports to settle the challenge to the sheriff sale and all other claims Duranleau might have against Acculign shareholders. Mot. to Settle and Compromise, BR [44]. Pursuant to the settlement, the sheriff's sale of the stock would be confirmed with the state court, and the sale money disbursed to the trustee; prior federal court litigation would be dismissed by Duranleau with prejudice; the trustee would release Acculign and shareholders from all claims; and the released parties would withdraw their proofs of claim filed in the bankruptcy matter. *Id.* at 1. The trustee argued that the settlement was "a reasonable settlement in light of the risks and costs of litigation and the estate's resources, and is in the best interest of the estate and its creditors." *Id.*

Duranleau objected to the settlement. He argued that instead, he and the trustee should have the Acculign stock appraised jointly, which would demonstrate that its true value creates a surplus estate. Obj. 4-5. In light of the surplus estate, Duranleau argued that the proposed settlement would be "grossly inadequate." *Id.* at 5. Applying the four settlement analysis factors, Duranleau argued that the there was a high probability of success in litigating the pending motion to set aside the judicial sale of Duranleau's stock and obtaining a favorable appraisal; that the trustee failed to address the difficulties to be

3

encountered in the matter of collection; that appraisal of the Acculign stock would not cause any lengthy delay; and that creditors who are disinterested in the shareholder dispute will be better-represented by rejection of the settlement because they stand to benefit from a larger estate. *Id.* at 6-8.

The bankruptcy court held a hearing on the objections, but first postponed it on four occasions at Duranleau's request to permit additional time to complete the appraisal of the Acculign stock. *See* BR [80], [84], [88], [90]. Duranleau unsuccessfully moved a fifth time to continue the hearing, requesting more time to respond to a trial memorandum seeking to exclude certain evidence related to the stock appraisal. BR [110], [111]. The evidentiary hearing on it was held on March 3, 2023. BR [112].

After the hearing, Duranleau filed an emergency motion for a continuance of the ruling because he had engaged contingency counsel to pursue fraud claims against Acculign, which he argued should cause the trustee to reconsider the settlement, and because he had filed additional objections to the creditors' proofs of claim. BR [114]. The motion was denied but the ruling was subsequently rescheduled by the court.

On April 11, 2023, Judge Hercher issued an opinion and order granting the Motion to Settle and Compromise over Duranleau's objections. BR [134] ("Bankr. Op."); Notice of Appeal, ECF [1], at 5. He described the trustee's testimony that the estate has no funds, that the parties were unaware of any lawyer willing to prosecute the estate's claims on a contingency basis, and that the settlement would result in approximately three million dollars of claims being withdrawn, resulting in an estate of approximately $30,000.00. Bankr. Op. 14-15. Judge Hercher then addressed each of the four settlement analysis factors. He found that there was a substantial risk that Duranleau would lose his proposed alternative litigation to recover the stock from the judicial sale, have a court, if it were willing to entertain judicial review of the appraisal, determine that the previous appraisal does not bind the estate, have a replacement appraisal conducted that results in a finding of a greater value, and dispose of the stock at a greater price. Bankr. Op. 17-26. He found that there would be difficulties in the matter of collection because the estate would be better off only if the second appraisal found that the estate had a greater value and Duranleau was able to enforce payment of that amount from Acculign. *Id.* at 26. Judge Hercher determined that continued

litigation against other shareholders would be expensive and time-consuming and the estate could not afford to bear the costs of doing so because it lacks assets. *Id.* at 27. As to the paramount interest of the creditors, Judge Hercher noted that no creditor other than the shareholders had taken a position on the settlement. *Id.* Finding that the terms of the compromise were more favorable than the likely rewards of continued litigation and that the settlement did not fall below the lowest point in the range of reasonable terms and was fair and equitable, Judge Hercher approved the settlement. *Id.* at 28.

Duranleau now appeals the order granting the Motion to Settle and Compromise. Notice of Appeal.

## DISCUSSION

Duranleau raises myriad issues on appeal. His arguments can be grouped into four categories: those relating to due process and procedural issues, those relating to the trustee's conduct, those relating to the bankruptcy court's jurisdiction, and those related to the bankruptcy court's decision to grant the motion to settle and compromise over his objections. Creditor-appellees raise deficiencies in Duranleau's appeal. The Court addresses each in turn.

**A.    Federal Rules of Bankruptcy Procedure**

Creditor-appellees argue that the appeal should be dismissed on its face because Duranleau failed to comply with the Federal Rules of Bankruptcy Procedure ("FRBP"). Appellee Br., ECF [15], at 9; Br. of Creditor/Appellee Adam Rose ("Rose Br."), ECF [14], at 5-7. FRBP 8009 requires an appellant to file with the clerk and serve on appellees "a designation of the items to be included in the record on appeal and a statement of the issues presented." The record on appeal must include certain items, including docket entries, the notice of appeal, the judgment being appealed, and any opinion related to the issues on appeal, including transcripts of all oral rulings. Fed. R. Bankr. P. 8009(a)(4).

FRBP 8014 governs the content and structure of briefs and requires that an appellant include a table of contents and authorities, a jurisdictional statement, a statement of the issues presented, the applicable standard of appellate review, a statement of the case, a summary of the argument, the argument, and a conclusion stating the relief sought.

In determining whether to summarily dismiss an appeal for non-compliance with a procedural rule, a bankruptcy appellate court must consider the impact of the sanction, alternative sanctions, and "the relative culpability of the appellant and his attorney, because dismissal may inappropriately punish the appellant for the neglect of his counsel." *In re Beachport Ent.*, 396 F.3d 1083, 1087 (9th Cir. 2005) (citing *In re Donovan*, 871 F.2d 807, 808 (9th Cir. 1989)). The court must consider alternative sanctions before affirming or dismissing based on an inadequate record but must affirm or dismiss "if informed review is impossible in light of the record provided." *In re Chacon*, No. 2:17-AP-01347-VZ, 2018 WL 3244879, at *3 (B.A.P. 9th Cir. July 3, 2018).

Duranleau did not comply with FRBP 8009 because he failed to designate any record of appeal. He did, however, attach a copy of the Bankruptcy Opinion to his brief. Appellant Br., ECF [12], Ex 1. As discussed above, the Court takes judicial notice of the bankruptcy record, and finds that it is sufficient to permit review of Duranleau's appeal. Duranleau also failed to include a table of contents and authorities, a jurisdictional statement, or the applicable standard of appellate review, as required by FRBP 8014. His brief contains a short statement of the case, a list of questions presented on appeal, and a short summary of Duranleau's arguments relating to some, but not all, of the listed questions. Duranleau is self-represented in this appeal and appears to have made an effort to comply with the FRBP, which may be confusing for a non-attorney. The Court finds that summary dismissal based on failure to comply with the FRBP would be an inappropriately harsh sanction and declines to dismiss or affirm on that basis.

B.     **Due Process and Procedural Issues**

Duranleau raises a series of due process and procedural issues prior to and during the trial. He argues that he was prevented from fully presenting his claims when the bankruptcy judge denied a motion for continuance. Appellant Br. 3. Duranleau does not identify which of the continuance motions is at issue – the motion seeking more time to respond to a trial memorandum, or the motion seeking to continue the date that Judge Hercher delivered his order. Because Judge Hercher did ultimately deliver his order at a later date than initially scheduled, the Court assumes that Duranleau's appeal addresses the first motion.

The record is limited and there is no transcript of the hearing at which Judge Hercher denied the motion for continuance. Duranleau's motion for continuance argues that the continuance was needed to provide time to prepare to respond to a memorandum in support of a motion in limine filed by the creditors challenging the admission of certain evidence. BR [110]. The bankruptcy court ruled on the creditors' motion at the time of the hearing. Judge Hercher noted that the creditors could have raised the motion orally at the trial and that it would be "extraordinary" to provide another continuance to permit Duranleau to respond to an argument about the relevance of evidence. PDF with Attached Audio File of Bankr. Proceedings of Mar. 3, 2023 ("Audio Recording"), BR [116], 3:10-3:38. The Court finds no error in the decision to deny the continuance and proceed to trial.

Duranleau also argues that the bankruptcy court wrongly barred his "life partner," Bridget Saladino, from being present in the courtroom during his trial. Appellant Br. 3. He argues that Saladino's "integral role in the preparation for the trial made her essentially necessary to Duranleau's defense" and her exclusion was a violation of Federal Rule of Evidence ("FRE") 615. *Id.*

FRE 615 requires the court, at a party's request, to exclude witnesses from the courtroom so that they cannot hear other witnesses' testimony. The bankruptcy record indicates that Saladino, who was listed as one of Duranleau's witnesses, was present with him on the remote video call when the hearing began. BR [112]. Creditors moved to have Saladino excluded because she w listed as a witness, and Judge Hercher granted the motion. *Id*. Duranleau's counsel then chose to withdraw Saladino from the witness list because she was "integral" to the preparation of the case, effectively acting as a paralegal, and counsel required her presence throughout the hearing. *Id.*, Audio Recording 20:03-24:47. The bankruptcy court properly excluded Saladino. After Saladino was withdrawn from the witness list, she was permitted to return to the trial. Her absence was entirely voluntary at that point, and not the error of the court.

Duranleau then asserts that he was prejudiced by the bankruptcy judge's decision to permit the creditors' expert witness to testify while denying Duranleau's expert witness an opportunity to testify. Appellant Br. 3. Creditor-Appellees argue that there is no basis for this argument because they did not call any expert witnesses at the trial. Appellee Br. 18. Creditors did file a motion to exclude the testimony of

7

Duranleau's expert witness Serena Morones. BR [106]. Duranleau's counsel conceded the motion, and it was granted unopposed. BR [112]. The bankruptcy court did not commit error or prejudice Duranleau by granting the conceded motion.

The hearing on the motion to settle and compromise was continued three times, providing Duranleau over fourteen months from the filing of the motion to prepare. He was represented by qualified counsel and was afforded a full-day hearing on the motion at which Judge Hercher considered his evidence and objections. There is no indication that Duranleau "was denied a fair opportunity to present his case, expert witnesses, and evidence, significantly prejudicing his right to due process." Appellant Br. 3.

### C. Trustee Conduct

Duranleau states that the trustee promised to reconsider the motion for settlement if contingency counsel was found to litigate the issue of the stock appraisal. Appellant Br. 3. Duranleau asserts that he informed the trustee that he had engaged contingency counsel, but the settlement was never revisited. *Id.* The failure to revisit the settlement motion, Duranleau argues, was a breach of fiduciary duty that the bankruptcy judge erred in failing to consider in his order. *Id.* 3-4.

An appeal of a bankruptcy court opinion is not the proper forum to bring a claim for breach of fiduciary duty against a trustee. Cabining the issue to the appeal at hand, the bankruptcy court's summation of the trustee's testimony reflects that the estate did not have any funds to pay an attorney and trustee and Duranleau's counsel were unaware of any contingency counsel willing to litigate the stock appraisal. Bankr. Op. 14-15. The trustee also testified that six of Duranleau's creditors were law firms who had previously represented him without being paid in full, and that the size of the unpaid legal claims tended to show that Duranleau's proposed litigation would be expensive and complex. *Id.* at 15. Based on this evidence, the bankruptcy court did not err in approving the settlement over Duranleau's objection relating to his proposed stock appraisal litigation.

### D. Bankruptcy Court Jurisdiction

Duranleau argues that the claims against the estate and the distribution of his parents' funds was not within the jurisdiction of the bankruptcy court. Appellant Br. 4 (citing *Stern v. Marshall*, 564 U.S.

462 (2011)).

Bankruptcy judges may hear all cases brought under and all "core proceedings arising under" Title 11. 28 U.S.C. § 157. In *Stern v. Marshall*, the Supreme Court held that a bankruptcy judge lacked constitutional authority to enter judgment on a counterclaim stemming from the bankruptcy proceeding. 564 U.S. 487-89. Here, however, there is no question that the bankruptcy court's resolution of Duranleau's Chapter 7 filing was a core proceeding under 28 U.S.C. § 157. Judge Hercher had, therefore, the requisite jurisdiction to enter the order granting the settlement.

E.      Review of the Bankruptcy Court's Ruling

Duranleau does not elaborate on his remaining questions presented on appeal. They all relate to the fairness and correctness of the order granting the motion to settle and compromise. The Court finds that the bankruptcy court did not abuse its discretion in granting the motion. Judge Hercher applied the correct legal standard. His thorough review of the four settlement factors is logical, plausible, and supported by the record. Accordingly, the Court affirms the order granting the motion to settle and compromise.

## CONCLUSION

For the foregoing reasons, the United States Bankruptcy Court for the District of Oregon's order granting Trustee Kenneth Eiler's Motion to Settle and Compromise in case number 21-31025-dwh7 is AFFIRMED.

IT IS SO ORDERED.

DATED this 1st day of August, 2024.

                                               Adrienne Nelson
                                               United States District Judge